**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| PRESQRIBER, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 6:14-cv-462 |
| | § | |
| QUEST DIAGNOSTICS, INCORPORATED | § | Jury Trial Demanded |
| | § | |
| Defendant. | § | |

## QUEST DIAGNOSTICS, INCORPORATED'S ANSWER TO PLAINTIFF'S COMPLAINT

Quest Diagnostics, Incorporated ("Quest" or "Defendant") files this Answer to Plaintiff's Complaint as follows:

### PRELIMINARY STATEMENT

Plaintiff Presqriber, LLC ("Presqriber" or "Plaintiff") has filed a Complaint for patent infringement against Defendant. Discovery has not begun in this matter, and Defendant has not had an opportunity to adequately investigate the allegations brought by Presqriber and its defenses thereto. Thus, while Defendant files this Answer to the best of its knowledge and ability, Defendant reserves the right to supplement or amend this Answer to include additional defenses and/or counterclaims that are discovered during the course of this lawsuit, including, but not limited to, the defense of inequitable conduct.

### FIRST DEFENSE

1. Subject to and without waiving any of the affirmative defenses or available remedies set forth in this Answer or otherwise available at law or equity, including, but not limited to, sanctions available under Rule 11 of the Federal Rules of Civil Procedure, Defendant

responds to the separate, numbered paragraphs of Plaintiff's Complaint for patent infringement (the "Complaint") as follows:

## PARTIES AND JURISDICTION

1.1. Defendant admits that this is an action for patent infringement under Title 35 of the United States Code. Defendant admits that Plaintiff seeks injunctive relief and damages in its Complaint. Defendant denies all other express or implied allegations contained in paragraph 1, including, but not limited to, any allegation that Defendant has in any way committed any act of patent infringement.

1.2. Defendant admits that this action purports to arise under the patent laws of the United States, Title 35, United States Code. Defendant does not contest this Court's subject matter jurisdiction.

1.3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3, and, on that basis, denies the same.

1.4. Defendant admits that it is a Delaware corporation and has a principal office located at 3 Giralda Farms, Madison, NJ 07940. Defendant admits that it has done business in the Eastern District of Texas, but denies the remaining allegations contained in paragraph 4.

1.5. Because paragraph 5 is compound, vague, and confusing, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5, and, on that basis, denies the same.

## VENUE

1.6. Defendant denies the allegations contained in paragraph 6.

**COUNT I**
**(INFRINGEMENT OF UNITED STATES PATENT NO. 5,758,095)**

1.7. Defendant incorporates its responses to paragraphs 1–6 herein by reference. Paragraph 7 does not contain any allegations to which a response is required.

1.8. Defendant admits that this cause of action arises under the patent laws of the United States.

1.9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9, and, on that basis, denies the same.

1.10. Defendant admits that a copy of what purports to be the '095 Patent was attached to the Complaint as Exhibit A, and that the '095 Patent is titled "Interactive Medication Ordering System."

1.11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11, and, on that basis, denies the same.

1.12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12, and, on that basis, denies the same.

**(Direct Infringement)**

1.13. Defendant denies the allegations contained in paragraph 13.

**(Indirect Infringement – Inducement)**

1.14. Defendant denies the allegations contained in paragraph 14.

1.15. Defendant admits that it has had knowledge of the '095 Patent since the time of the service of the Plaintiff's Complaint, but denies the remaining allegations contained in paragraph 15.

1.16. Defendant denies the allegations contained in paragraph 16.

1.17. Defendant denies the allegations contained in paragraph 17.

1.18. Defendant denies the allegations contained in paragraph 18.

### (Additional Allegations Related to Count One)

1.19. Defendant denies the allegations contained in paragraph 19.

1.20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20, and, on that basis, denies the same.

### COUNT II
### WILLFUL INFRINGEMENT

1.21. Defendant incorporates its responses to paragraphs 1–20 herein by reference. Paragraph 21 does not contain any allegations to which a response is required.

1.22. Defendant denies the allegations contained in paragraph 22.

1.23. Defendant denies the allegations contained in paragraph 23.

1.24. Defendant denies the allegations contained in paragraph 24.

### DEMAND FOR JURY TRIAL

With regard to the Demand of Jury Trial in the Complaint, no admission or denial is required.

### PRAYER FOR RELIEF

Plaintiff's requests for relief require no response. For that reason, Defendant denies that Plaintiff is entitled to any relief, and asserts that Plaintiff's claims for relief should be denied in their entirety.

### SECOND DEFENSE

2. Venue is improper and clearly less convenient in the Eastern District of Texas.

### THIRD DEFENSE

3. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE

4. Defendant has not infringed and does not infringe, nor has it induced others to infringe, any claim of United States Patent No. 5,758,095 ("the '095 Patent").

## FIFTH DEFENSE

5. The claims of the '095 Patent are invalid for failure to comply with the requirements for patentability under the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## SIXTH DEFENSE

6. Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver, and/or estoppel.

## SEVENTH DEFENSE

7. On information and belief, Plaintiff's claims for patent infringement are limited and/or barred in whole or in part by the provisions of 35 U.S.C. § 287.

## EIGHTH DEFENSE

8. Plaintiff's claims are barred in whole or in part by prosecution history estoppel.

## NINTH DEFENSE

9. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands and/or inequitable conduct.

## TENTH DEFENSE

10. Plaintiff's claims are barred in whole or in part due to Plaintiff's failure to mitigate damages, if any.

## ELEVENTH DEFENSE

11. Plaintiff's claims are barred in whole or in part for lack of standing.

## TWELFTH DEFENSE

12. Pursuant to 35 U.S.C. § 286, Plaintiff's claims are barred in whole or in part for all events occurring more than six years before the filing of this lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, Quest respectfully requests that this Court enter judgment in its favor and grant the following relief:

a. Dismiss with prejudice the Complaint against Quest;

b. Enter judgment that Quest does not infringe any claim of the '095 Patent;

c. Enter judgment that the '095 Patent is invalid;

d. Award to Quest its costs and disbursements associated with this action; and

e. Award any additional relief as the Court may deem appropriate and just under the circumstances.

Dated: August 20, 2014 Respectfully submitted,

/s/ Jay F. Utley
Jay F. Utley (Lead Counsel)
Texas Bar No. 00798559
E-Mail: jay.utley@bakermckenzie.com
John G. Flaim
Texas Bar No. 00785864
E-Mail: john.flaim@bakermckenzie.com
Benjamin B. Kelly
Texas Bar No. 24055765
E-Mail: ben.kelly@bakermckenzie.com
Erin M. Choi (Tanner)
Texas Bar No. 24079436
E-Mail: erin.choi@bakermckenzie.com
Baker & McKenzie LLP
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099

ATTORNEYS FOR DEFENDANT,
QUEST DIAGNOSTICS INCORPORATED

## **CERTIFICATE OF SERVICE**

   I hereby certify that on the 20th day of August 2014, a true and correct copy of Quest Diagnostics Incorporated's Answer to Plaintiff's Complaint was served on all parties of record via the Court's ECF filing system.

                    /s/ Jay F. Utley
                    Jay F. Utley

DALDMS/783705.3

Case 6:14-cv-00462-KNM Document 13 Filed 08/20/14 Page 8 of 8 PageID #: 132

**Quest Diagnostics Incorporated's Answer to Plaintiff's Complaint**         **Page 8**